Bryan A. Giribaldo (to seek admission *pro hac vice*)
bgiribaldo@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed classes*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| James Chavez, on behalf of himself and all others similarly situated, | ) <br> ) Case No. <br> ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** <br> ) |
| vs. | ) **JURY TRIAL DEMANDED** <br> ) |
| Kubi Homes, LLC and Kubi Marketing Co., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

Class Action Complaint - 1

**Nature of this Action**

1. James Chavez ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Kubi Homes, LLC ("Kubi Homes") and Kubi Marketing Co. ("Kubi Marketing," and collectively, "Defendants") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

3. Additionally, upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

**Parties**

4. Plaintiff is a natural person who at all relevant times resided in Portsmouth, Virginia.

5. Kubi Homes is an Arizona limited liability company that runs a real estate business headquartered in Phoenix, Arizona.

6. In fact, Kubi Homes' official "business type" per the Arizona Corporation Commission is that Kubi Homes participates in "real estate services including software development, wholesale, rental and management."[1]

7. Kubi Marketing is an Arizona for-profit corporation that holds its principal place of business in Phoenix, Arizona.

---

[1] https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=23536642 (last visited July 12, 2024).

Class Action Complaint - 2

8. Kubi Marketing's official "business type" per the Arizona Corporation Commission is that it provides "sales and marketing services for real estate companies."[2]

9. Defendants operate under the authority and control of their namesake, Andrew Kubicek.

10. Mr. Kubicek describes Defendants as a "dynamic real estate acquisition company specializing in buying, fixing, and selling properties across various markets in the US. Our primary focus is on North Carolina, Virginia, and Tennessee. We pride ourselves on strategic investments and delivering exceptional value in the real estate market."[3]

11. As such, Kubi Marketing works on behalf of, or in tandem with, Kubi Homes to further their joint real estate and marketing business.

## Jurisdiction and Venue

12. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

13. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as a significant portion of the events giving rise to this action occurred in this district.

14. In particular, given that Defendants are based in this district, upon information and good faith belief, the solicitation messages to Plaintiff's telephone number originated from this district.

## Factual Allegations

15. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(757) 292-XXXX.

16. Plaintiff uses his cellular telephone as his personal residential telephone number.

---

[2] https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=23574073 (last visited July 12, 2024).

[3] See https://www.linkedin.com/jobs/view/acquisition-analyst-at-kubi-homes-3960270153 (last visited July 12, 2024).

Class Action Complaint - 3

17. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

18. Plaintiff registered his cellular telephone number with the DNC Registry on May 15, 2009, and has maintained that registration through the present date.

19. Starting in or around April of 2024, Plaintiff received numerous text messages from a rotating series of phone numbers, seeking to solicit Plaintiff to use Defendants in the sale of his home:



20. Plaintiff did not recognize the senders, is (and was) not selling his home, and was not looking to sell his home.

21. After receiving multiple text messages from Defendants sent from different telephone numbers, Plaintiff responded to the senders solely to identify the entity responsible for sending those messages.

22. When asked for some sort of identification after Defendants sent the unsolicited text messaging, Defendants provided a website link to https://www.kubihomes.com.

23. Upon information and belief, https://www.kubihomes.com is owned and operated by Defendants.[4]

24. Defendants' website, https://www.kubihomes.com, explains that Defendants seeks to purchase and resell residential real estate.

25. Defendants' website also advertises that they pair numerous services with their offers to purchase properties from consumers.

26. Implicit among these service offerings is the arranging of title, escrow, preparing paperwork, and all other ancillary services associated with the purchase or sale of a home.

27. And, upon information and belief, in exchange for providing these services, Defendants seek to acquire Plaintiff's—and other consumers'—homes at below fair market values, to then re-sell or re-assign to a third-party purchaser for profit.

28. In other words, consumers such as Plaintiff would pay an effective fee to Defendants for their numerous ancillary services through Defendants' payment of a reduced purchase price to those consumers.

29. Thus, upon information and belief, Defendants seek to supplant the role of a traditional real estate agent while providing the same services as a real estate agent, and

---

[4] *See* https://www.kubihomes.com/privacy-policy (last visited July 12, 2024) ("**Kubi Homes** (Kubi Marketing Co) ("we," "our," or "us") is committed to protecting the privacy and security of your personal information. This Privacy Policy outlines the types of information we collect from you, how we use and protect that information, and your rights regarding your personal data. By using our website and services, you consent to the practices described in this policy.") (emphasis in original).

Class Action Complaint - 5

in exchange for doing so, are compensated obtaining a homeowner's property at a reduced price, and thereafter selling it at an inflated price.

30. As a result, Defendants would be (and, upon belief and information, are) compensated for their services in an analogous manner to a real estate agent: after providing services to facilitate the transaction, receiving compensation from the proceeds related to the buying or selling of a home.

31. Plaintiff did not give Defendants prior express consent or prior express written consent to send text messages to his cellular telephone number.

32. The text messages at issue were sent for non-emergency purposes.

33. Upon information and good faith belief, the text messages at issue were sent by Defendants voluntarily.

34. The purpose of the text messages at issue was to advertise and to market Defendants' business or services.

35. Plaintiff did not give Defendants prior express invitation or permission to send advertisement or marketing text messages to his cellular telephone number.

36. Plaintiff suffered actual harm as a result of the text messages at issue in that she suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

37. Plaintiff suffered additional harm due to his frustration and difficulty in identifying the entity and persons responsible for the unwanted advertisement or marketing text messages to his cellular telephone number.

38. Upon information and good faith belief, Defendants knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

## Class Action Allegations

39. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Kubi Homes, LLC or Kubi Marketing Co. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Kubi Homes, LLC's or Kubi Marketing

Co.'s, or their business partners', goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Kubi Homes, LLC or Kubi Marketing Co. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

All persons throughout the United States (1) to whom Kubi Homes, LLC or Kubi Marketing Co. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Kubi Homes, LLC's or Kubi Marketing Co.'s, or their business partners', goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of Kubi Homes, LLC or Kubi Marketing Co., and a telephone number or address at which Kubi Homes, LLC or Kubi Marketing Co. may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

40. Excluded from the classes are Defendants, their officers, directors, managers, and members, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

41. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

42. The exact number of members of the classes are unknown to Plaintiff at this time and can be determined only through appropriate discovery.

43. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

44. In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses can be identified in business records maintained by Defendants, and by third parties.

45. Plaintiff's claims are typical of the claims of the members of the classes.

46. As it did for all members of the Federal Do-Not-Call Registry Class, Defendants delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered his cellular telephone number with the DNC Registry.

47. As it did for all members of the Sender Identification Class, Defendants delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not state the name of the individual caller, the name of Defendants, and a telephone number or address at which it may be contacted.

48. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendants.

49. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

50. Plaintiff suffered the same injuries as the members of the classes.

51. Plaintiff will fairly and adequately protect the interests of the members of the classes.

52. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

53. Plaintiff will vigorously pursue the claims of the members of the classes.

54. Plaintiff has retained counsel experienced and competent in class action litigation.

55. Plaintiff's counsel will vigorously pursue this matter.

56. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

57. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

58. Issues of law and fact common to all members of the classes are:
   a. Defendants' conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;
   b. For the Federal Do-Not-Call Registry Class, Defendants' practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c. For the Sender Identification Class, Defendants' practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendants, and a telephone number or address at which Defendants may be contacted;

   d. Defendants' violations of the TCPA; and

   e. The availability of statutory penalties.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

60. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

61. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

62. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendants.

63. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

64. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

65. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

66. There will be no extraordinary difficulty in the management of this action as a class action.

67. Defendants acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)
## On behalf of the Federal Do-Not-Call Registry Class

68. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

69. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

70. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

71. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

72. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

73. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with

the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

74. Defendants violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

75. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

## Count II
## Violation of 47 U.S.C. § 227(c)(5)
## On behalf of the Sender Identification Class

76. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-67.

77. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

78. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

79. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

80. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

81. Defendants violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

82. Defendants therefore violated 47 U.S.C. § 227(c)(5) because they delivered, or caused to be delivered, to Plaintiff and members of the Sender Identification Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200(d)(4).

83. As a result of Defendants' violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendants violated 47 U.S.C. § 227(c)(5);

  e. Enjoining Defendants from continuing their violative behavior, including continuing to deliver solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

  f. Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

  g. Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(c)(5)(C);

  h. Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

  i. Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

  j. Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: July 19, 2024.

By: */s/ Bryan A. Giribaldo*
Bryan A. Giribaldo (to seek admission *pro hac vice*)
bgiribaldo@pkglegal.com
**Pardell, Kruzyk & Giribaldo, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

*Counsel for Plaintiff and the proposed classes*

Class Action Complaint - 13